IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO SANTOS LEMOS, CARLOS DUENAS, GERSON IVAN FLORES, GERARDO DERAS, OSMAN NUNEZ, and AMILCAR GUERRERO on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>TASCH, L.L.C. and JACK R. ALLEN, JR.<br><br>Defendants. | Civil Action No. _____<br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT – COLLECTIVE ACTION

Plaintiffs Antonio Santos-Lemos, Carlos Duenas, Gerson Ivan Flores, Gerardo Deras, Osman Nunez, and Amilcar Guerrero bring this action against Defendants Tasch, L.L.C., and Jack R. Allen, Jr., and respectfully allege as follows:

## INTRODUCTION

1. Plaintiffs bring this lawsuit pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for unpaid overtime wages, liquidated damages, and attorney's fees and costs.

2. Plaintiff Antonio Santos Lemos is an individual residing in the Eastern District of Louisiana and formerly worked for Defendants at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. A copy of Plaintiff's consent to join is attached hereto as "Exhibit A."

3. Plaintiff Carlos Duenas is an individual residing in the Eastern District of Louisiana and formerly worked for Defendants at various construction projects, including

1

projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. A copy of Plaintiff's consent to join is attached hereto as "Exhibit A."

4. Plaintiff Gerson Ivan Flores is an individual residing in the Eastern District of Louisiana and formerly worked for Defendants at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. A copy of Plaintiff's consent to join is attached hereto as "Exhibit A."

5. Plaintiff Gerardo Deras is an individual residing in the Eastern District of Louisiana and formerly worked for Defendants at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. A copy of Plaintiff's consent to join is attached hereto as "Exhibit A."

6. Plaintiff Osman Nunez is an individual residing in the Eastern District of Louisiana and formerly worked for Defendants at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. A copy of Plaintiff's consent to join is attached hereto as "Exhibit A."

7. Plaintiff Amilcar Guerrero is an individual residing in the Eastern District of Louisiana and formerly worked for Defendants at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. A copy of Plaintiff's consent to join is attached hereto as "Exhibit A."

8. Defendant Tasch, LLC ("Tasch") is a limited liability company organized under the laws of the State of Louisiana and may be served through its registered agent for service of process: **Jack R. Allen, Jr., 7809 Airline Drive, Suite 208A, Metairie, LA, 70003.** Tasch is an "employer" within the meaning of the FLSA.

9. Defendant Jack R. Allen, Jr. ("Mr. Allen") is a corporate officer of Tasch and is an employer within the meaning of the FLSA.

## JURISDICTION AND VENUE

10. This Court has original jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

11. Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS

12. At all times material hereto, Defendants were "enterprise[s] engaged in commerce" within the meaning of the FLSA and had more than $500,000 in annual gross revenues. Defendants' employees handle and work with tools, construction materials, and cleaning supplies that have traveled across state lines.

13. Defendants misclassified Plaintiffs and other similarly-situated workers as independent contractors rather than employees to avoid paying, *inter alia*, payroll taxes and wages owed to employees pursuant to the FLSA

14. Defendants hired Plaintiffs and other similarly-situated workers to provide services and labor at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. Plaintiffs and other similarly-situated workers are predominantly immigrants who do not speak fluent English.

15. Plaintiffs and other similarly-situated workers were hired and employed by Defendants and were promised, *inter alia*, an hourly rate of between $11.00/hour and

$23.00/hour to perform services and labor at various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System.

16. Defendants' employees and supervisors, including Mr. Allen, directed and monitored the work of Plaintiffs' and similarly-situated individuals at construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System. For example, Defendants did the following for Plaintiffs and other similarly-situated workers: (i) set the schedules and work hours; (ii) assigned and monitored the work; (iii) supervised and evaluated the work; and (iv) determined rates of pay.

17. Defendants provided all of the tools and supplies that Plaintiffs and similarly-situated individuals used to perform their jobs aside from small tools such as a hammer. Further, Plaintiffs and similarly-situated individuals were not in business for themselves and depended on the income they earned from Defendants to earn a living.

18. Thus, Defendants willfully misclassified Plaintiffs and other similarly-situated workers as independent contractors instead of employees when they were hired to provide services and labor in furtherance of various construction projects, including projects for the Jefferson Parish Correctional Center and the Jefferson Parish Public School System.

19. Plaintiffs and other similarly-situated individuals regularly worked more than forty (40) hours in a workweek for Defendants, often working fifty (50) to sixty (60) hours in a workweek.

20. When Plaintiffs and other similarly-situated individuals worked over forty (40) hours in a week, Defendants did **not** pay overtime wages at a rate of one and one half (1.5) times Plaintiffs' normal hourly rate because Defendants misclassified Plaintiffs as independent contractors.

21.     Defendants' denial of legal wages and overtime compensation to Plaintiffs is, and has been, willful and deliberate.

## COLLECTIVE ACTION ALLEGATIONS

22.     Plaintiffs' first cause of action is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a collective action on behalf of themselves and all persons who have been misclassified by Defendants as independent contractors from three years preceding the filing of this action and the date of final judgment and who were not paid overtime compensation for all hours worked over forty (40) in a workweek ("the FLSA Collective").

23.     Plaintiffs and the FLSA Collective are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of unlawfully misclassifying workers as independent contractors and failing to pay overtime for hours worked in excess of forty (40).

24.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective for misclassifying them as independent contractors.  Upon information and belief, the proposed col\lective action consists of many workers who have been underpaid by Defendants and misclassified as independent contractors in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice and the opportunity to join this lawsuit.  These similarly situated individuals are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## FIRST CAUSE OF ACTION
(Misclassification of Employees and Failure to Pay Overtime Under the FLSA)

25.     Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as though fully set forth.

26. The FLSA requires employers to pay all non-exmpt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek.

27. Defendants have violated the requirements of the FLSA by engaging in practices that have deprived Plaintiffs and similarly-situated individuals of lawful compensation by *inter alia,* misclassifying them as independent contractors and failing to pay overtime compensation for hours worked over forty (40) in a workweek.

28. Defendants' conduct, as alleged, constitutes a willful violation of the FLSA.

29. As a result of Defendants' unlawful conduct, Plaintiffs and similarly-situated workers are entitled to damages equal to the amount of all uncompensated time, including overtime pay, and an award of liquidated damages in an amount equal to the amount of unpaid compensation owed under the FLSA.

30. Plaintiffs also seek reasonable attorneys' fees and costs, as provided by the FLSA.

## DEMAND FOR JURY

31. Plaintiffs hereby demand a trial by jury for all issues in this case.

## PRAYER FOR RELIEF

WHEREFORE, having set forth their Complaint, Plaintiffs and similarly-situated individuals respectfully request that this Court:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful under the FLSA and that Defendants willfully violated the rights of Plaintiffs under the FLSA;

(b) Award unpaid back wages and liquidated damages equal in amount to the unpaid compensation found due to them under the FLA;

(c) Award attorneys' fees, pre-judgment and post-judgment interest, and costs (including expert witness expenses), all as provided by law; and

(d) Award other legal and equitable relief that this Court deems just and proper.

Dated: July 28, 2017							Respectfully Submitted:

**WILLIAMS LITIGATION, L.L.C.**

By:  S/ Christopher L. Williams
Christopher L. Williams
La. Bar Roll No. 32269
639 Loyola Ave., Suite 1850
New Orleans, LA 70113
Telephone: 504.308.1438
Fax: 504.308.1446
chris@williamslitigation.com

/s/ Stephen Haedicke
STEPHEN J. HAEDICKE (#30537)
639 Loyola Ave., #1820
New Orleans, LA 70113
Telephone:  504-525-1328
Fax:  504-910-2659
Stephen@haedickelaw.com

S/Cristian P. Silva
Cristian P. Silva (LA. Bar 32052)
CRISTIAN P. SILVA LAW OFFICE, LLC
1818 Manhattan Blvd., Ste. 2
Harvey, Louisiana 70058
Tel: 504-301-2549
Fax: 504-301-3381
E-mail: cristian@silvalawfirm.net

*Attorneys for Plaintiffs*