# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO SANTOS LEMONS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-7212** |
| **TASCH, L.L.C., ET AL.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Certification (Doc. #23) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 29 U.S.C. § 216:

A. The class is conditionally certified as follows:

All individuals who worked for defendants at any time since July 28, 2014, and were classified as independent contractors.

B. Within 14 days of the date of this order, the defendants shall provide to plaintiffs' counsel the names, addresses, email addresses, and telephone numbers of the putative class members in a usable electronic format.

C. The parties meet, confer and thereafter submit to the court joint proposed Notice and Consent Forms no later than 21 days from the date of this Order. If the parties are unable to agree on the proposed Notice and Consent Forms, the parties shall file the appropriate motions with their objections no later than 21 days from the date of this Order.

D. Counsel for plaintiffs shall have 30 days from the date the proposed Notice and Consent Forms are approved by the court to transmit the Notice and Consent Forms to the potential class members via United States mail.

    E.    Opt-in plaintiffs are granted a period of 90 days from the date that the Notice and Consent Forms are mailed to return their signed Consent Forms to plaintiffs' counsel via mail, email, fax or electronic signature service.[1]

## BACKGROUND

This matter is before the court on Plaintiffs' Motion for Conditional Class Certification. Plaintiffs argue that the standards applicable for conditional class certification under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, are met.

Defendant Tasch, L.L.C. is a construction company, and defendant Jack R. Allen, Jr. is a corporate officer of Tasch. Plaintiffs, Antonio Santos Lemons, Carlos Duena, Gerson Ivan Flores, Gerardo Deras, Osman Nunez and Amilcar Guerrero, allege that they were employed by Tasch as construction laborers. Plaintiffs allege that they often worked more than 40 hours per week, without receiving overtime pay, and that defendants improperly classified them as independent contractors. Plaintiffs allege that Allen directed, monitored, supervised and evaluated plaintiffs' work and set plaintiffs' schedules, work hours, and rates of pay.

On July 28, 2017, plaintiffs' filed this action alleging that defendants violated the overtime provisions of the FLSA, codified at 29 U.S.C. § 207(a),[2] by failing to pay them and other similarly

---

[1] Defendants argue that the opt-in consent forms should be returned to the Clerk of Court. Plaintiffs' counsel will represent the opt-in plaintiffs and should receive the opt-in forms, which will then be filed into the record by plaintiffs' counsel.

[2] Title 29, United States Code, Section 207(a)(1) provides:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of

situated employees one-and-one-half times of their regular rate for hours worked in excess of 40 hours per week. Plaintiffs seek to proceed as a collective action under section 216(b)[3] the FLSA.

On November 3, 2017, plaintiffs filed the instant motion for class certification. Plaintiffs seek conditional class certification of an opt-in class consisting of:

> All individuals who worked for defendants at any time since July 28, 2014, and were classified as independent contractors.

Plaintiffs argue that conditional class certification is appropriate because there is a substantial class of other construction laborers employed by defendants that were treated similarly to plaintiffs and not paid over-time. Plaintiffs also seek an order requiring the defendants to disclose the names,

---

the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[3] Title 29, United States Code, Section 216(b) provides:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor in an action under section 217 of this title in which (1) restraint is sought of any further delay in the payment of unpaid minimum wages, or the amount of unpaid overtime compensation, as the case may be, owing to such employee under section 206 or section 207 of this title by an employer liable therefor under the provisions of this subsection or (2) legal or equitable relief is sought as a result of alleged violations of section 215(a)(3) of this title.

addresses, email addresses and telephone numbers of potential opt-in plaintiffs within two weeks of the date of the court's order on their motion for conditional certification, and an order permitting notice of the action to be sent to the potential plaintiffs allowing them 90 days from the date of the date the notice is mailed to opt-in.

Defendants argue that plaintiffs have failed to demonstrate that they represent a class of similarly situated individuals. Defendants also argue that the class is too broad as it is defined. Further, defendants raise a number of objections to plaintiffs' proposed notice.

## ANALYSIS

### I. Conditional Class Certification

Section 216(b) of the FLSA permits employees to bring suit against an employer for a FLSA violation as a collective action on behalf of themselves and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action under Rule 23, a collective action under section 216(b) binds only those employees who affirmatively "opt-in" to the suit: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id. District courts have discretion to facilitate providing notice to similarly situated potential plaintiffs in "appropriate cases." Hoffman–LaRoche Inc. v. Sperling, 110 S.Ct. 482, 486 (1989).

Courts have taken two different approaches to resolve the issue of whether plaintiffs are similarly situated to a proposed class: the spurious class action approach, which originated in Shushan v. University of Colo., 132 F.R.D. 263 (D.Colo. 1990); and the "two-step" approach, as in Lusardi v. Xerox Corp., 122 F.R.D. 463 (D.N.J. 1988). Although the United States Court of Appeals for the Fifth Circuit has explicitly declined to adopt either test, district courts in this circuit have

adopted the "two-step" approach, and the court will follow that precedent. See Guidry v. Target Corp., 2009 WL 1604591 (E.D. La. 2009); Xavier v. Belfor USA Group, Inc., 585 F.Supp.2d 873, 876 (E.D. La. 2008); Basco v. Wal–Mart Stores, Inc., 2004 WL 1497709, at *4 (E.D. La. 2004) (two-step approach "is the referred method for making the similarly situated analysis.").

The United States Court of Appeals for the Fifth Circuit has explained the two-step test as follows:

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to the potential members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usual filed after discovery is largely completed and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination of the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—i.e., the original plaintiffs—proceed to trial on their individual claims.

Mooney v. Aramco, 54 F.3d 1207, 1213–14 (5th Cir. 1995), *overruled on other grounds by* Rachid v. Jack in the Box, Inc., 376 F.3d 305 (5th Cir. 2004).

At the notice stage, "'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan[.]'" Id. at

5

1214 n. 8 (quoting Sperling v. Hoffman–LaRoche, Inc., 118 F.R.D. 392, 407 (D.N.J. 1988)). A factual basis is needed to satisfy this first step. See Hall v. Burk, 2002 WL 413901, at *3 (N.D. Tex. 2002). Courts require "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." Barron v. Henry Co. Sch. Sys., 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003); see also Simmons v. T–Mobile USA, Inc., 2007 WL 210008 (S.D. Tex. 2007) (plaintiff must allege common policy or plan, and make factual showing sufficient to demonstrate that potential plaintiffs together were victims of common policy or plan that violated law). "[A] court can foreclose a plaintiff's right to proceed collectively only if 'the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice.'" Xavier v. Belfor USA Grp. Inc., 585 F.Supp.2d 873, 878 (E.D. La. 2008) (quoting Crain v. Helmerich and Payne Int'l Drilling Co., 1992 WL 91946, at *5 (E.D. La. 4/16/1992)). Moreover, "[w]hether at the notice stage or on later review, collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations." Donahue v. Francis Servs., Inc., 2004 WL 1161366, at *2 (E.D. La. 5/24/2004).

Courts who have faced the question whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. Lima v. Int'l Catastorphe Solutions, Inc., 493 F.Supp.2d at 798 (citing Badgett v. Tex. Taco Cabana, L.P., 2006 WL 2934265, at *2 (S.D. Tex. 2006)). "A plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist." Lima, 493 F.Supp.2d at 798.

The plaintiffs filed affidavits in support of their motion for class certification in which they state that they were employed by defendants as construction workers, who were classified as independent contractors and paid an hourly wage. Plaintiffs state that they often worked more than 40 hours per week and were not paid overtime of one-and-one-half times their hourly rates of pay. Plaintiffs state that they have spoken with other similarly situated individuals, who had similar job duties, and they were supervised by Allen. Indeed, more than a dozen individuals have opted into the case over the last few months.

Defendants argue that the proposed class representatives do not state in their affidavits that they and other allegedly similarly situated persons performed the same type of work. Defendants also submitted an affidavit of Allen stating that Duenas, Gomez, Lemus (who is improperly named as Lemons), Melgar, and Urbina were properly characterized as independent contractors because they worked for others and supplied their own tools. Allen also states that Nunez has not worked for Tasch within the opt-in period, and that Tasch has no record of Morales. Defendants argue that Allen's affidavit establishes that the named plaintiffs are not proper class representatives because they were not employed by Tasch during the relevant time or were properly classified as independent contractors because they performed specialized skilled work, had their own independent business, represented to Tasch that they were independent contractors, worked for other companies as independent contractors, and supplied their own tools and equipment.

Further, defendants argue that, in order to avoid including the employees of Tasch's subcontractors in the class, the proposed class is too broad and suggest that it be narrowed to "non-skilled construction workers or laborers hired and paid directly by Tasch on an hourly basis that were treated by Tasch as independent contractors." Defendants also argue that the class should be

limited to people who worked at Tasch construction sites in Orleans Parish, Jefferson Parish, St. Charles Parish, Lafourche Parish, Plaquemines Parish and St. Tammany Parish because the those are the Parishes in which the named plaintiffs claimed that they worked for Tasch.

At the notice stage, courts employ a lenient standard to conditional class certification and do not resolve factual disputes, decide the merits of substantive issues or make credibility determinations. White v. Integrated Elec. Techs., Inc., 2013 U.S. Dist. LEXIS 83298, *28 n. 21 (E.D. La. June 13, 2013) (citations omitted). Plaintiffs presented substantial allegations that they and the other putative class members were victims of defendants' alleged policy of improperly classifying construction laborers as independent contractors and not paying them an overtime rate for work performed in excess of forty hours in a week. Plaintiffs allege that this policy extended to all construction laborers employed by Tasch. Indeed, numerous individuals have already opted-in to the class. Because credibility determinations are not made at the certification stage, the statements in Allen's counter-veiling affidavit cannot defeat conditional class certification.

Further, the class is not overly broad and need not be limited to work done in specific Parishes. The class as defined by plaintiffs includes "[a]ll **individuals** who worked for defendants at any time since July 28, 2014, and were classified as independent contractors." The use of the word individuals indicates that the class includes individual people, not subcontractors. Also, although plaintiffs' affidavits indicate that they performed work in specific parishes, there is no need to restrict the conditional class to individuals who worked for Tasch in those Parishes because it is not unreasonable to assume that the alleged policy of improperly classifying individuals as independent contractors and failing to pay them overtime extended to work in other parishes. See

Funez v. E.M.S.P. LLC, 2016 U.S. Dist. LEXIS 11284, *8 (E.D. La. August 24, 2016). Plaintiff's motion for conditional certification is GRANTED.

## II. The Opt-In Period and the Notice and Consent Forms

### A. Opt-In Period

Plaintiffs seek an opt-in period of 90 days. Defendants argue that 90 days is too long, and argue that 60 days is a sufficient opt-in period. In this case, there many of the plaintiffs are native Spanish-speakers and may have moved, thus more time is needed for them to receive and understand the notice. Further, courts have previously held that a 90-day opt-in period is not prejudicial to the defense. Funez, 2016 U.S. Dist. LEXIS 112884, at *9 (citations omitted).

### B. Posting the Notice at Tasch Jobsites

Plaintiffs seek an order requiring defendants to post the notice at Tasch's office and jobsites. Defendants argue that this is impractical because the jobs are short in duration and there are no designated areas for Tasch employees at the jobsites that are owned by third parties. Defendants contend that there are workers from other companies at the jobsites and the posting of the notice would be confusing. Plaintiffs have not demonstrated that mailing the notices would be ineffective, and defendants have demonstrated that posting the notice at jobsites would be burdensome and potentially cause confusion. Therefore, the court will not order that Tasch post the notice at its office or jobsites.

### C. Defendants' Objections to the Notice and Consent Forms

Plaintiffs submitted a proposed notice to which defendants raise numerous objections. Disputes regarding the content of the notice are best resolved by mutual agreement of the parties. Lopez v. Hal Collums Constr., LLC, 2015 U.S. Dist. LEXIS 155910, *19-20 (E.D. La. November

9

18, 2015) (citations omitted). Accordingly, the parties are directed to meet and confer regarding the proposed notice and attempt to resolve these disputes in good faith, and thereafter submit to the court joint proposed Notice and Consent Forms no later than 21 days from the date of this Order. If the parties are unable to agree on the proposed Notice and Consent Forms, the parties shall file the appropriate motions with their objections no later than 21 days from the date of this Order.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Conditional Certification (Doc. #31) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 29 U.S.C. § 216:

A. The class is conditionally certified as follows:

> All individuals who worked for defendants at any time since July 28, 2014, and were classified as independent contractors.

B. Within 14 days of the date of this order, the defendants shall provide to plaintiffs' counsel the names, addresses, email addresses, and telephone numbers of the putative class members in a usable electronic format.

C. The parties meet, confer and thereafter submit to the court joint proposed Notice and Consent Forms no later than 21 days from the date of this Order. If the parties are unable to agree on the proposed Notice and Consent Forms, the parties shall file the appropriate motions with their objections no later than 21 days from the date of this Order.

D. Counsel for plaintiffs shall have 30 days from the date the proposed Notice and Consent Forms are approved by the court to transmit the Notice and Consent Forms to the potential class members via United States mail.

E.  Opt-in plaintiffs are granted a period of 90 days from the date that the Notice and Consent Forms are mailed to return their signed Consent Forms to plaintiffs' counsel via mail, email, fax or electronic signature service.

New Orleans, Louisiana, this 24th day of January, 2018.

*[signature]*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**