MINUTE ENTRY/ORDER
ROBY, M.J.
April 4, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO SANTOS-LEMOS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  17-07212** |
| **TASCH, LLC, ET AL.** | **SECTION: "S" (4)** |

LAW CLERK:                                    Brian Trepanier
COURT REPORTER/RECORDER:        Nichelle Drake

Appearances:        **Chris Williams** for Plaintiffs.
                    **Stephen Haedicke** for Plaintiffs.
                    **Eve Masinter** for Defendants.

## MINUTE ENTRY and ORDER

Before the Court is a **Motion for Protective Order (R. Doc. 40)** filed by the Plaintiffs seeking an order protecting opt-in Plaintiffs in a FLSA action from individualized discovery. The motion is opposed. R. Doc. 49. Oral argument was heard on April 4, 2018.

### I.    Background

The instant action was filed by the Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime wages, liquidated damages, and attorney's fees and costs. R. Doc. 1. The Plaintiffs claim that they worked for the Defendants, Tasch, LLC, and Jack Allen, a corporate officer for Tasch, LLC, on various construction projects. *Id.* at pp. 2-3. The Plaintiffs allege that the Defendants misclassified them as independent contractors, rather than employees, to avoid paying payroll taxes and wages owed to the employees. *Id.* at p. 3. The Plaintiffs contend that they are predominantly immigrants who do not speak fluid English. *Id.* Plaintiffs allege that they were hired and employed by the Defendants at hourly rates between $11.00/hour and

MJSTAR: 00:11

$23.00/hour for work on construction projects including that of the Jefferson Parish Correctional Center and Jefferson Parish Public School System. *Id.* at pp. 3-4.

The Plaintiffs allege that Defendant Allen and other of the Defendants' employees and supervisors monitored the Plaintiffs' work, set their schedules and work hours, assigned and monitored the work, supervised and evaluated the work, and determined rates of pay. *Id.* at p. 4. They contend that the Defendants provided the tools and supplies used to perform the job, that the Plaintiffs were not in business for themselves, and the Plaintiffs depended on the income they earned from the Defendants. *Id.* Plaintiffs state that they regularly worked more than forty (40) hours per week for the Defendants and were willfully misclassified as independent contractors instead of employees. *Id.* Plaintiffs contend they were not paid overtime wages at a rate of one and one half (1.5) times the normal hourly rate due to the misclassification as independent contractors. *Id.*

The Plaintiffs, therefore, filed this collective action seeking a declaratory judgment that the Defendants' practices are unlawful under the FLSA and violated the Plaintiffs' rights under the FLSA, seek an award of unpaid back wages, liquidated damages, attorney's fees, interest, costs, and all other legal and equitable relief. *Id.* at p. 6.

On January 24, 2018, the District Court granted the Plaintiffs' motion to conditionally certify the FLSA Collective Action Class. R. Doc. 36. On March, 12, 2018, the District Court approved the proposed Notice and Consent Forms, ordered that Plaintiffs' counsel had thirty (30) days from the date of the order to transmit the forms to potential class members and allowed the potential opt-in plaintiffs ninety (90) days to respond. R. Doc. 46.

The instant motion was filed by the Plaintiffs' seeking a protective order from individualized discovery requests. R. Doc. 40. They argue that the Plaintiffs and opt-in Plaintiffs are Hispanic and many are not fluent in English. They state this will require an interpreter if they are forced to respond

to discovery requests. R. Doc. 40-1, p. 2. They argue that at this time there are the named Plaintiffs as well as 18 individuals who have opted-in and the Defendants have served 25 interrogatories and 36 requests for production totaling 600 Interrogatories and 864 Requests for Production as well as overbroad releases that have no bearing on the claims in the matter. *Id.*

Plaintiffs argue that good cause has been shown for the protective order because: (1) the volume of discovery propounded to all 24 individuals is evidence of a purpose to intimidate and discourage opt-ins from asserting their FLSA rights; and (2) it would be impossible for a layperson to respond to the massive requests which are "substantially identical" to the discovery only attorneys are capable of answering. *Id.* at p. 4. They further argue that individualized discovery in a FLSA collective action is disfavored and the discovery should be limited to a relevant sample of opt-ins. *Id.* at pp. 5-6. Further, they argue that the basis of each opt-in Plaintiffs' claims are readily discernable from the Defendants' records and therefore suggest a 10% discovery sample size is appropriate. *Id.* at pp. 7-8. They argue this would require the six named Plaintiffs to respond and two of the op-in Plaintiffs. *Id.* at p. 8.

The Defendants oppose the motion. R. Doc. 49. The Defendants argue that there is no blanket rule preventing individualized discovery in FLSA actions and that the party seeking the protective order must show: (1) the discovery sought is unduly burdensome under Rule 26; and (2) the representative discovery would yield the same results as individualized discovery. *Id.* at p. 3. Defendants argue that Plaintiffs have cited the wrong burden by relying on non-binding case law. *Id.* Further, they contend that the individualized discovery is necessary for the defense of this lawsuit because a threshold question is whether the purported class of Plaintiffs is similarly situated and they have noticed "significant and troubling differences" among the named and opt-in Plaintiffs. *Id.* at p. 4. Defendants argue that an issue is whether each of the Plaintiffs were properly designated as an

3

independent contractors and that the Fifth Circuit's factors require discovery from each Plaintiff. *Id.* In addition, Defendants argue Plaintiffs' counsel have utilized the service of an interpreter for the Spanish version of the notice and therefore Plaintiff have access to both a reputable interpreter and one of the counsel of record to assist with discovery. *Id.* at p. 13. Defendants also argue that that individualized discovery is appropriate because there are fewer than two dozen opt-in Plaintiffs. *Id.* at pp. 7-11. Finally, they argue that the individualized discovery is not unduly burdensome or intended to intimidate or harass because the opt-in Plaintiffs signed up knowing that they have discovery obligations. *Id.* at p. 12.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

4

undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party. Fed. R. Civ. P. 26(c)(1)(A)-(H). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact [.]' " *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

### III. Analysis

The Plaintiffs seek a protective order from the Court limiting the discovery requests in the instant matter to a representative sample. R. Docs. 40, 40-1. They argue that the purpose of a collective actions is to conserve resources and promote efficiency. R. Doc. 40-1, p. 3. The Plaintiffs argue that they have demonstrated good cause for a protective order by applying the burden used by a District Court in the Western District of Missouri. *See Fast v. Applebee's Int'l., Inc.*, No. 6-4146-CV-C-NKL, 2008 WL 5432288, at *2 (W.D. Mo. Dec. 31, 2008). They cite that case to argue that any such discovery must not be sought for the purpose of depriving the opt-in Plaintiff of his or her class status, it must be simple enough to not require the assistance of counsel, it meets to standards of Rule 26, and the information is not otherwise available to the Defendants. *Id.* Plaintiffs argue that the volume of discovery served is evidence of the purpose to intimidate and discourage opt-in Plaintiffs from asserting their FLSA rights. R. Doc. 40-1, p. 4. Further, they argue that the discovery requested

is of the type that only attorneys are capable of answering. *Id.* They contend that the cost of the collective action will increase and its purpose will be undermined since many opt-in Plaintiffs are not native English speakers and costs will increase as a result. *Id.* at p. 5.

The Plaintiffs argue that individualized discovery is disfavored in FLSA actions and that limiting discovery to a relevant sample is a "common-sense" way of furthering the purposes of the FLSA while allowing a defendant an opportunity to establish its defenses. *Id.* at pp. 5-6. Plaintiff seek to limit discovery to the six named Plaintiffs and 10% of the total number of opt-in Plaintiffs. *Id.* at pp. 7-8.

In opposition, the Defendants argue that the Plaintiffs have misstated the burden for obtaining a protective order. Instead, the burden that the Plaintiffs must show is that the discovery sought is unduly burdensome under Rule 26 and that the representative discovery would yield the same results as the individualized discovery. R. Doc. 49, p. 3. The Defendants argue that they have consistently maintained the position that the Plaintiffs are not "similarly situated" and do not have a right to bring a collective action pursuant to the FLSA. *Id.* at p. 4. They argue the individuals performed drastically different specialized work, performed work outside the statute of limitations, had independent business, and worked for competitors. *Id.* Further, they argue that the question of whether a Plaintiff was an independent contractor is an individualized analysis requiring discovery as to each person. *Id.* at p. 5. Defendants claim that without individualized discovery they are precluded from discovering information that supports the argument the Plaintiffs are not similarly situated or provide factual evidence that proves independent contractor status. The Defendants contend that representative discovery cannot produce the same results as individualized discovery. *Id.* at pp. 4-5.

The Defendants argue that this Court has previously denied a protective order in a case of a similar size, the cases cited by the Plaintiffs contained significantly more opt-in individuals and had

representative samples larger than the number of opt-ins in this case, and the representative sample in many cases is larger than the total number of Plaintiffs in this matter. *Id.* at pp. 8-9. Further, the Defendants argue that the discovery is not unduly burdensome or intended to intimidate or harass because the notice identified the discovery obligations, Plaintiffs' counsel has already used an interpreter in this matter, and counsel of record is available to assist in discovery. *Id.* at pp. 12-13.

In a FLSA collective action, decisions on whether to allow individualized discovery are fact-specific and largely depend on the case's procedural posture. *Craig v. Rite Aid Corp.*, 2012 WL 279647 (M.D. Pa., Jan. 31, 2012). Not only are the individual plaintiffs disparate factual and employment settings considered, but the defenses available to the defendant with respect to the individual plaintiffs. In determining whether individualized or representative discovery is appropriate, Courts typically consider two primary arguments: (1) that the discovery sought is unduly burdensome under Rule 26; and (2) that representative discovery would yield the same results as individualized discovery. *Kervin v. Supreme Service & Specialty Co., Inc.*, No. 15-01172, 2016 WL 8257256, at *3 (E.D. La. May 24, 2016) (Roby, J.); *See also Nelson v. American Standard, Inc.*, 2009 WL 473166 (E.D. Tex. Dec. 4, 2009); *Ross v. Jack Rabbit Services*, 2015 WL 1565430 (W.D. Ky., April 7, 2015). The Court, therefore, will apply the standard that it has used in prior cases and not that cited by the Plaintiffs from the Western District of Missouri.

A review of the docket in this case reveals that there are a total of twenty-seven Plaintiffs. While courts have limited discovery to a representative sample in a number of FLSA cases, those cases often involve more individuals than are involved here. Looking at the cases cited by the Plaintiffs, the Court notes that those cases involved more individuals than the twenty-seven here. *Fast v. Applebee's Int'l Inc.*, No. 06-4146, 2008 U.S. Dist. LEXIS 105159, 2008 WL 5432288 (W.D. Mo. Dec. 31, 2008) (5,549 opt-in plaintiffs); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F. Supp. 2d 224

7

(W.D.N.Y. 2006) (potentially 16,000 opt-in plaintiffs); *Greer v. Challenge Fin. Investors Corp.*, No. 05-1109, 2007 WL 134174 (D. Kan. May 4, 2007) (256 opt-in plaintiffs); *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (1,312 opt-in plaintiffs); *Smith v. Lowes Home Ctrs.*, 236 F.R.D. 354 (S.D. Ohio 2006) (1,500 opt-in Plaintiffs).

Additionally, a number of the representative samples in the cases identified by the Plaintiffs contain more individuals than the number of total plaintiffs in this case. *See, e.g., Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) (sample size of 51); *Smith*, 236 F.R.D. at 356-58 (sample size of 90).

The Court also notes that other courts have permitted discovery when the requests are not unduly burdensome. *See, e.g., Renfro v. Spartan Computer Servs, Inc.,* No. 06-2284-KHV, 2008 U.S. Dist. LEXIS 24269, 2008 WL 821950 (D. Kan. Mar. 26, 2008) (permitting individualized discovery on over 100 plaintiffs). "Although there is far from a 'bright line' test as to the number of opt-in plaintiffs which tips the balance in favor of representative sampling as opposed to individualized discovery, it appears that when the number of opt-in plaintiffs is approaching 200, courts are more inclined to order a representative sampling." *Lloyd v. J.P. Morgan Chase & Co.*, 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015) (quotation omitted) (collecting cases demonstrating large number of opt-in plaintiffs needed for representative sampling).

Here, the Court does not find that permitting discovery of the approximately twenty opt-in Plaintiffs in this case would be unduly burdensome or so inefficient as to justify representative sampling. Further, this Court has previously denied a protective order with respect to individualized discovery when it involved twenty-four opt-in plaintiffs, finding that the movants had not demonstrated the necessity of a protective order and that the discovery would not be unduly burdensome or inefficient. *Koviach v. Crescent City Consulting, LLC*, 2016 WL 6649149 (E.D. La.

8

Nov. 10, 2016) (Roby, J.).[1] In our instant motion, the Plaintiffs have not met their burden of demonstrating the good cause for such a protective order at this time. The Plaintiffs' motion for a protective order must, therefore, be denied.

In addition, the Court finds that a discovery conference is appropriate to facilitate the discovery process. The Court, therefore, orders that a discovery conference shall occur on **April 5, 2018 at 11:00 a.m.** in the undersigned Chief United States Magistrate Judge's Chambers located at 500 Poydras Street, Room B-437, New Orleans, Louisiana. The Court further orders the Defendants to review the propounded discovery requests to determine whether any can be removed or edited to streamline the discovery process.

IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Protective Order (R. Doc. 40)** is **DENIED**.

**IT IS FURTHER ORDERED** that a discovery conference in this matter shall occur on **April 5, 2018 at 11:00 a.m.** in the undersigned Chief United States Magistrate Judge's Chambers located at 500 Poydras Street, Room B-437, New Orleans, Louisiana. The Defendants shall review the propounded discovery to determine whether any discovery requests can be removed or edited to streamline discovery in the case.

New Orleans, Louisiana, this 5<u>th</u> day of April 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[1] The Plaintiffs filed a reply. R. Doc. 54. They argued that this Court's decision in *Koviach* is distinguishable because it involved fewer and more basic discovery requests. Even though the instant case involves more discovery requests the Court does not find the numbers to be unduly burdensome on the Plaintiffs. Further, the Court is also ordering a discovery conference to facilitate and streamline the discovery process in this matter.