MINUTE ENTRY
ROBY, M.J.
May 9, 2018

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO SANTOS-LEMOS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-07212** |
| **TASCH, LLC, ET AL.** | **SECTION: "S" (4)** |

LAW CLERK:      Brian Trepanier

Appearances:    **Stephen Haedicke** for Plaintiffs.
                **Chris Williams** for Plaintiffs.
                **Sunny West** for Defendants.
                **Eve Masinter** for Defendants

### ORDER

Before the Court is a **Motion for Protective Order (R. Doc. 60)** filed by the Plaintiffs seeking an order prohibiting the Defendant or his representatives from contacting or discussing the litigation with any class member or potential class members outside the litigation process as well as attorney's fees. The motion is opposed. R. Doc. 63. Oral argument was heard on May 9, 2018.

**I.    Background**

The instant action was filed by the Plaintiffs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for unpaid overtime wages, liquidated damages, and attorney's fees and costs. R. Doc. 1. The Plaintiffs claim that they worked for the Defendants, Tasch, LLC, and Jack Allen, a corporate officer for Tasch, LLC, on various construction projects. *Id.* at pp. 2-3. The Plaintiffs allege that the Defendants misclassified them as independent contractors, rather than employees, to avoid paying payroll taxes and wages owed to the employees. *Id.* at p. 3. The Plaintiffs contend that they are predominantly immigrants who do not speak fluid English. *Id.*

**MJSTAR: 00:13**

Plaintiffs allege that they were hired and employed by the Defendants at hourly rates between $11.00/hour and $23.00/hour for work on construction projects including that of the Jefferson Parish Correctional Center and Jefferson Parish Public School System. *Id.* at pp. 3-4.

The Plaintiffs allege that Defendant Allen and other of the Defendants' employees and supervisors monitored the Plaintiffs' work, set their schedules and work hours, assigned and monitored the work, supervised and evaluated the work, and determined rates of pay. *Id.* at p. 4. They contend that the Defendants provided the tools and supplies used to perform the job, that the Plaintiffs were not in business for themselves, and the Plaintiffs depended on the income they earned from the Defendants. *Id.* Plaintiffs state that they regularly worked more than forty (40) hours per week for the Defendants and were willfully misclassified as independent contractors instead of employees. *Id.* Plaintiffs contend they were not paid overtime wages at a rate of one and one half (1.5) times the normal hourly rate due to the misclassification as independent contractors. *Id.*

The Plaintiffs, therefore, filed this collective action seeking a declaratory judgment that the Defendants' practices are unlawful under the FLSA and violated the Plaintiffs' rights under the FLSA, seek an award of unpaid back wages, liquidated damages, attorney's fees, interest, costs, and all other legal and equitable relief. *Id.* at p. 6.

On January 24, 2018, the District Court granted the Plaintiffs' motion to conditionally certify the FLSA Collective Action Class. R. Doc. 36. On March 12, 2018, the District Court approved the proposed Notice and Consent Forms, ordered that Plaintiffs' counsel had thirty (30) days from the date of the order to transmit the forms to potential class members and allowed the potential opt-in plaintiffs ninety (90) days to respond. R. Doc. 46.

The Plaintiffs have moved for a protective order to prevent Defendant Jack Allen, Jr. or his agents from discussing the litigation with any members of the class or potential members of the class outside the litigation process because he has allegedly engaged in threatening, coercive, and abusive tactics with regards to members of the conditionally certified FLSA class. R. Doc. 60. Plaintiffs also seek attorney's fees incurred in filing the motion.

The motion is partially opposed. R. Doc. 63. The Defendants argue that: (1) the Plaintiff's video evidence is unclear, unauthenticated and unlawfully recorded; (2) there is no evidence of an impact from Defendant's allegedly speaking with potential class members; (3) argument by counsel does not constitute evidence; (4) the First Amendment rights of Defendants' permit only a limited protective order; (5) language regarding retaliatory conduct is superfluous; (6) they do not object to a limited protective order; (7) the currently requested order is over broad and not narrowly tailored; and (8) Plaintiffs are not entitled to attorney's fees.

## II.    Standard of Review

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party. Fed. R. Civ. P. 26(c)(1)(A)-(H). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact [.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is

appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

## III. Analysis

The Plaintiffs in the action filed the instant motion because Plaintiff's counsel received a video recording of defendant Jack Allen allegedly "spreading false, defamatory information" with respect to the litigation and Plaintiff's counsel that is meant to deter potential plaintiffs from joining the litigation. Plaintiff's counsel states that on April 11, 2018 he received a video from an opt-in plaintiff taken of Defendant Allen, the plaintiff, and two other individuals, including a potential opt-in plaintiff who withdrew, in which Allen allegedly says it would be foolish to join the litigation, threatens retaliation, misstates contingency fees, says Plaintiff's counsel is taking advantage of his clients, and threatens to fire the potential opt-in Plaintiff. R. Doc. 60-1.

Plaintiffs argue the FLSA's remedial purpose would be thwarted if employers were permitted to threaten employees and the purpose of aggregating claims would also be defeated if attempts to intimate potential plaintiffs is not halted. Plaintiffs argue that courts misrepresenting the status of an action or its details can impact justice, undermine the class members' confidence in counsel, and undermine the collective action and therefore a protective order is appropriate. Further, Plaintiff argues that the FLSA makes it illegal for an employer to retaliate against a plaintiff for exercising rights under the statute.

The Plaintiffs contend that Allen's actions are an attempt to dissuade litigation, which has succeeded as one person has withdrawn from the suit after opting in, and threats of retaliation requiring an order from the Court. They seek a protective order narrowly tailored to address Allen's behavior that would not run afoul of any protected speech rights.

The Defendants oppose the motion. R. Doc. 63. They argue that apart from counsel's statement that the recording was taken by Erick Quintanilla sometime in August 2017 the video lacks any indicia of what it purports to be, there is no declaration by Mr. Quintanilla setting forth the date, the person who made the recording, whether they were a party to the conversation, or whether there was consent to record the conversation, to whom the conversation is occurring, events leading up to the conversation, what device it was on, and whether it was edited. Further, they argue it is difficult to hear what is being said and there is no certified transcript. They state the video is a "clandestinely-recorded, unauthenticated video."

Defendants state that setting aside any authenticity issues they do not object to a narrowly tailored protective order prohibiting Allen or his representatives, exclusive of counsel, from contacting or discussion litigation with any class member or potential class members outside of the litigation process through the end of the opt-in period. Defendants argue that the First Amendment necessitates the order not include counsel, exclude discovery, and be limited to the opt-in period. Further, they argue attorney's fees are not warranted. They state the request in the motion is different than in the memorandum in support of the motion, which is overly broad as it would prevent the discovery with respect to potential class members. Defendants argue the order should be limited as the timing of the video shows there has been no attempt to thwart conditional certification, approved notice or notice procedure, and that there is no impact from the defendants' allegedly speaking with class members because the individual who recorded the conversation opted into the lawsuit and the mere possibility of abuses does not justify a ban on communications.

According to the Defendants, the law requires that an order limiting communications should be based on a clear record and specific findings that reflect a weighing of need for such a limitation and should be carefully drawn that limits speech as much as possible. Further, they argue

that mere statements by counsel is not evidence to support a protective order. They state the First Amendment requires a limited order such that is not inhibit business communications, relationships, or prohibit discovery, depositions, and a right to interview witnesses. Defendants argue that any language in the order with respect to retaliation is superfluous as the notice issued in the case includes language about retaliatory conduct and there is no indication that the notice regarding retaliation has been ineffective. Finally, Defendants argue that fees are not warranted as Plaintiffs' counsel did not confer in good faith prior to filing the motion.

First, the Defendants' cite to La. R.S § 15:1303 as argument that the video may be unlawfully recorded and no evidence has been presented it was lawfully recorded. The reliance on the Electronic Surveillance Act is misplaced. Under that statute there is no violation of the use and disclosure provision unless "there is first a violation of the interception provision." *State v. Smith*, 848 So.2d 650, 652 (La. App. 4 Cir. 5/21/03). The Louisiana Court held that there can be no interception violation unless the circumstances justified an expectation of privacy. Lawful presence and recording of a conversation in a place where the hearer has a right to be, can hear unaided by the mechanical device, and where the device cannot record more than hearer could unaided does not violate an expectation of privacy. *Id.* at 654-56. As such, the instant video appears to have been recorded in public with people around such that the speaker had no reasonable expectation of privacy and therefore that the interception aspect of the statute could not have been violated.

Second, while arguing that the video is unauthenticated, counsel does seem to admit that it is a video of Defendant Allen, nor did they dispute it was him at oral argument. The Defendants have agreed that a limited protective order is acceptable both in their opposition as well as during oral argument.

Third, courts have the authority to govern the conduct of counsel and parties in § 216(b) collective actions, just as they do in Rule 23 class actions. *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 171 (1989). "Indeed, because of the potential for abuses in collective actions, such as unapproved, misleading communications to absent class members, 'a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties.'" *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667 (E.D. Tex. 2003) (citing *Gulf Oil Company v. Bernard,* 452 U.S. 89, 100 (1981)); *see also Vogt v. Tex. Instruments Inc.*, No. 05-2244, 2006 WL 4660133, at *2 (N.D. Tex. Aug. 8, 2006) (noting that this same duty and broad authority exists in collective actions brought under the FLSA pursuant to 29 U.S.C. § 216(b)). This "managerial responsibility begins once the collective action is filed, before the court conditionally certifies the class or authorizes a section 216(b) notice." *Vogt*, 2006 WL 4660133, at *2 (citation omitted).

While trial courts have broad authority to manage FLSA collective actions, the parties' First Amendment rights require any restrictions on speech to be narrowly-tailored. *See Gulf Oil*, 452 U.S. at 103-04 ("Although we do not decide what standards are mandated by the First Amendment in this kind of case, we do observe that the order involved serious restraints on expression. This fact, at minimum, counsels caution on the part of a district court in drafting such an order, and attention to whether the restraint is justified by a likelihood of serious abuses"). Accordingly, a district court may not restrict communications "without a specific record showing by the moving party of the particular abuses by which it is threatened." *Id.* at 102 (quoting *Coles v. Marsh*, 560 F.2d 186, 189 (3d Cir. 1977)); *see also Vogt*, 2006 WL 4660133, at *3 (noting that "[w]hile actual harm need not be proved to justify an order limiting class contacts, the movant must at least present evidence that a potential likelihood for serious abuse exists") (citations omitted). In light of these

concerns, courts have chosen to restrain communications in limited situations, such as when "the communications were misleading, coercive, or an improper attempt to undermine Rule 23 by encouraging class members not to join the suit." *Belt*, 299 F. Supp. 2d at 667-68 (citations omitted).

The video at issue of the Defendant shows behavior that is misleading, coercive, and an attempt at undermining the joinder of potential plaintiffs such that a protective order is required. The Court finds the video to be of enough and sufficient evidence to meet the Plaintiffs' burden under Rule 26(c) and that the record is clear and specific enough that a protective order is required to prevent misleading, coercive, or improper attempts to encourage class members to not join.

The Court inquired during oral argument if the parties were able to come to an agreement with respect to the language of the protective order. They stated that they had not. Plaintiffs' counsel indicated that their proposed language was included in the motion, however, the Court found that the language provided was too vague and not narrowly-tailored, e.g. what a "representative" of Defendant Allen is. Further, the Court finds that the language with respect to retaliation is superfluous. The Court, therefore, orders that Plaintiffs draft a proposed protective order, send the proposed protective order to defense counsel, attempt to work through any issues with respect to the language in the protective order, and if Court assistance is required then a conference call with the Court shall be scheduled. Once the proposed order is finalized it shall be filed with the Court so that it can be entered into the record.

Finally, Plaintiffs' counsel withdrew their request for attorney's fees during oral argument and as such the motion is moot with respect to the request for attorney's fees.

**IV.   Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion for Protective Order (R. Doc. 60)** is **GRANTED IN PART** and **DENIED IN PART**.

The motion is **GRANTED** to the extent that the Court finds that a protective order is warranted and that Plaintiffs shall: (1) Draft a proposed protective order; (2) submit the proposed protective order to Defendants; (3) attempt to resolve any disputes as to the language of the protective order and involve the Court only to the extent a dispute cannot be resolved; and (4) file the proposed protective order into the record so the Court may sign it.

The motion is **DENIED AS MOOT** with respect to the request for attorney's fees.

New Orleans, Louisiana, this 16th day of May 2018.

*[signature]*

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**