## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO SANTO LEMOS and CARLOS DUENAS, GERSON IVAN FLORES, GERARDO DERAS, OSMAN NUNEZ, and AMILCAR GUERRERO, on behalf of themselves and all others similarly situated, | Civil Action No. 17-7212 S (4) |
| Plaintiffs, | Jury Trial Demanded |
| v. | |
| TASCH, L.L.C. and JACK R. ALLEN, JR. | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF JOINT/UNOPPOSED MOTION FOR SETTLEMENT APPROVAL

Plaintiffs Antonio Santos-Lemus, Carlos Duenas, Gerson Ivan Flores, Gerardo Deras, Osman Nunez, and Amilcar Guerrero, on behalf of themselves and all others similarly situated (sometimes collectively referred to as "Plaintiffs"), and Defendants Tasch, L.L.C., and Jack R. Allen, Jr. (collectively referred to as "Defendants") respectfully submit this Memorandum in Support of their Joint/Unopposed Motion for Settlement Approval as to Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"). The Settlement was reached after nearly a year of investigation, discovery, litigation and arm's-length negotiations. As explained in detail below, the Settlement, if approved, will provide a total of $155, 214.56 (excluding attorney's fees and costs) to the Plaintiffs.

### I.      Background.

Plaintiffs commenced this lawsuit in July 2017 and alleged that Defendants had misclassified the named Plaintiffs and similarly-situated individuals as independent contractors under the FLSA, and violated the overtime compensation requirements of the FLSA.  (See Doc. #1).  The Complaint alleged that Defendants owed the named Plaintiffs and similarly-situated

individuals overtime compensation (or an additional fifty percent of their regular hourly wage) for hours worked in excess of forty in any given week, going back three years from the date of the lawsuit. (*Id.*). The Complaint sought unpaid overtime compensation, liquidated damages, costs and attorney fees. (*Id.*).

On December 4, 2017, Plaintiffs filed a Motion for Conditional Certification and Defendants opposed the Motion. (*See* Doc. #23, 26, and 29). The Court subsequently granted Plaintiffs' Motion for Conditional Certification and the parties submitted additional briefing as to certain disagreements in Plaintiffs' proposed Notice and Consent Form. (Doc. #36, 38, 39, and 41). Defendants then provided Plaintiffs' counsel with the names of potential opt-ins and approximately 32 individuals opted into the case (including the original named Plaintiffs).

The parties engaged in substantial written discovery and motion practice. Defendants produced approximately 3,150 pages of documents in response to Plaintiffs' discovery requests, along with detailed written discovery responses to Plaintiffs discovery requests, which were supplemented several times. Plaintiffs provided responses to approximately 370 interrogatories and 491 requests for production of documents and produced approximately 13,000 pages of documents with its discovery responses and documents obtained through third-party subpoenas. After the review of this information and scheduling the 30(b)(6) deposition of Tasch, LLC for August 10, 2018, as well as the named Plaintiffs' depositions, the parties had a Mediation with Nan Alessandra on June 28, 2018. After an approximate 9 ½ hour mediation, the parties reached the Settlement, providing $155, 214.56 for the Plaintiffs and $94,785.44 in attorney's fees and costs.

## II.      The Proposed Settlement.

To avoid the burden, expense, inconvenience and uncertainty of continued litigation, the parties, after exchanging written discovery, and reviewing voluminous records, have concluded

that it is in their respective best interests to resolve and settle the lawsuit. The proposed Settlement was reached on June 28, 2018 after the mediation with Ms. Alessandra and was further confirmed by written agreement. While maintaining a general denial of Plaintiffs' claims, Defendants have agreed to pay certain Plaintiffs the principal total of amount $155,214.56 (hereinafter, the "Settlement Sum").

According to Plaintiffs' counsel's calculations, each participating Plaintiff will receive approximately 143% of the back wages owed to them under the FLSA. Each payment to an individual Plaintiff shall be divided such that one half (½) of the payment will be paid as 1099 compensation and the other one half (½) of the payment will be paid as non-taxable liquidated damages. Plaintiffs' counsel derived these calculations based on the payroll records, pay stubs, and time sheets produced by Defendants, and comparing them with the paystubs that some Plaintiffs had retained. Both sides cross-checked these numbers and calculations, and, although there is not unanimity on the specific amounts owed to each person, the parties believe that these amounts are fair and reasonable based on the records and information provided by Defendants.

Based on the above criteria and calculations, Defendants will make the following payments to the specific Plaintiffs as set forth in the attached Exhibit "A". Plaintiffs agree to provide any W-9 forms for individual Plaintiffs that Defendants need prior to the date Defendants are required to make the first payment to that Plaintiff in accordance with Exhibit "A". However, failure to provide a W-9 form for any particular Plaintiff will not delay payments to other Plaintiffs for whom W-9 forms have been provided or for whom a new W-9 is unnecessary, nor will it delay payment of attorneys' fees as provided below. Delay of payment by Defendants to any Plaintiff solely because of that Plaintiff's failure to confirm the information contained in a previously provided W-9 or to provide a new W-9, if necessary, shall not

constitute a breach of the Settlement or the Settlement Agreement and Release (Exhibit "B") and shall not constitute grounds to accelerate payment to that Plaintiff or any other Plaintiff. Furthermore, Plaintiffs agree to provide the Settlement Agreement and Release (the "Settlement Agreement and Release")  executed by the six named Plaintiffs in the agreed-upon form attached as Exhibit "B" prior to the date Defendants are required to make the first payment in accordance with Exhibit "A".

Defendants claim that they do not have the assets and financial resources to pay the Settlement Sum immediately. To avoid any potential further delays with payout of the settlement funds, the payments described herein will be paid to the Plaintiffs in two equal installments: (i) the first payment of one half (½) of the total amount owed to each Plaintiff as set forth on Exhibit "A" will be made within the later of 90 days of June 28, 2018, or 45 days after Court approval of the Joint/Unopposed Motion for Settlement Approval, but in no event shall the first payment be made any later than October 1, 2018 unless the Court has not approved the Joint/Unopposed Motion for Settlement Approval by October 1, 2018; and (ii) the second payment of the remaining one half (½) of the total amount owed to each Plaintiff as set forth on Exhibit "A" shall be made within 30 days of the first payment.  If the equal installment payments are made timely as set forth above, the parties have agreed to waive any interest that might otherwise be due. In the event the installment payments are not timely made, the entire Settlement Sum then becomes due and exigible, together with post -judgment interest from the date of the installment payment that was due forward in accord with the Federal Rules of Civil Procedure, subject to any credits for payments previously made. Except, however, there shall be no acceleration of any payment should Plaintiffs not timely provide the required executed Settlement Agreement and Release (Exhibit "B").  There will also not be an acceleration of a payment to a particular

Plaintiff if that Plaintiff fails to confirm the information contained in a previously provided W-9 or if a new W-9 form for that Plaintiff has not been provided in advance of the due date of the first payment to that Plaintiff as required.

The Court shall retain jurisdiction over this case to enforce the terms of the parties' Settlement and the case will not be dismissed until all payments (including payments for attorney's fees and costs) have been made. Once all payments are made, Plaintiffs shall file an Unopposed Motion for Dismissal with Prejudice requesting the Court to enter a final order of dismissal with prejudice. Finally, the Settlement provides that Plaintiffs are releasing Defendants from any and all wage or compensation claims set forth in this litigation or related to the subject matter of the litigation, as set forth more fully in the attached proposed Order and the Settlement Agreement and Release (Exhibit "B").

Counsel for Plaintiffs agree not to post on social media information regarding the fact or amount of the Settlement set forth herein or as set forth in the Settlement Agreement and Release (Exhibit "B").

## III.    Attorney's Fees and Costs.

The Settlement Sum paid to Plaintiffs does <u>not</u> include the payment of costs or attorney's fees to counsel for Plaintiffs as set forth in 29 U.S.C. § 216(b), but the parties have agreed that Defendants will pay attorney's fees and costs in the amount of $94,785.44 to Plaintiffs' counsel in the following installments: (i) one third (1/3) of the amount on the same date that the first payment is made to Plaintiffs; (ii) one third (1/3) of the amount within 30 days of the first payment; and (iii) one third (1/3) of the amount within 30 days of the second payment. Counsel for Plaintiffs acknowledge that no other attorneys' fees, costs, or expenses are due to them from

Defendants beyond the $94,785.44 unless Defendants breach the Settlement, and Plaintiffs are determined by the Court to be the prevailing party of such dispute.

## IV.     The Settlement Resolves a Bona Fide Dispute.

There is a strong presumption in favor of judicial approval of a joint proposed settlement agreement in an FLSA action.  *See, e.g., Camp v. The Progressive Corp.*, No. 01-2680, 2004 U.S. Dist. LEXIS 19172, at *14-18 (E.D. La. September 23, 2004) (Wilkinson, J.) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *see also Quintanilla v. A&R Demolition, Inc.*, No. 04-1965, 2008 U.S. Dist. LEXIS 37449, at *6 (S.D. Tex. May 7, 2008) (holding that "[i]f a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation.") (internal citations and references omitted).  "The primary focus of the Court's inquiry in determining whether to approve the settlement of an FLSA collective action is not, as it would be for a Rule 23 class action, on due process concerns, but rather on ensuring that an employer does not take advantage of its employees in settling their claim for wages." *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (internal citations omitted).  "In order to approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"  *Id.*  Thus, in the interest of encouraging settlement, courts should approve a proposed settlement so long as it (1) involves the resolution of a bona fide dispute over a FLSA provision; and (2) is fair and reasonable.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *see also Camp* 2004 U.S. Dist. LEXIS 19172 at *15.

When making this evaluation, "the Court must keep in mind the 'strong presumption' in favor of finding a settlement fair, and remain aware, as the parties must also be, that a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution. *Collins*, 568 F.Supp.2d at 720 (internal citations omitted).  Although the court must evaluate the proposed settlement to ensure that there exists a bona fide dispute as to the plaintiffs' FLSA claims, such is a relatively light burden, as "the settlement hearing must not be turned into a trial or a rehearsal of the trial." *Id.*  Likewise, "[t]he court should not engage in a trial on the merits when examining the fairness of the proposed settlement because the very purpose of the compromise is to avoid the delay and expense of trial." *Camp*, 2004 U.S. Dist. LEXIS 19172, at 29 (citing *Reed v. Gen. Motors Corp.*, 703 F.2d 170 (5th Cir. 1983)).  "The court may presume that a proposed settlement is fair and reasonable when it is the result of arm's length negotiations." *Id.* at 24.

In the instant case, the Settlement between the parties is the compromise of disputed claims and does not constitute an admission by Defendants of FLSA violations or any other violation of federal, state, or local law, or any violation of Plaintiffs' rights.  Defendants expressly deny having engaged in any wrongdoing or unlawful conduct in this matter and have expressed disagreement with Plaintiffs as to, for example and without limitation, Plaintiffs' status as "employees" rather than independent contractors, as well as to the claim that any overtime is due Plaintiffs. Thus, the parties have entered into this Settlement as a compromise of disputed claims to avoid the risks, inconveniences, and costs that will result from further litigation.

But for the settlement, Plaintiffs would face some challenges overcoming Defendants' defenses, including, for example but without limitation, the contention that Plaintiffs were independent contractors and therefore not eligible for overtime pay under the FLSA.  In addition,

Defendants maintain that liquidated damages are not applicable because they have good-faith defenses under the FLSA and that the FLSA's 3-year statute of limitations is not applicable because any alleged violations were not "willful."

Under these circumstances, the Court should find, that there are legitimate questions over coverage under the FLSA, "and even more so over the computation of back wages of individual employees, such that there is a 'bona fide dispute' over FLSA coverage that justifies settlement of the plaintiffs' claims." *Collins, supra*, 568 F. Supp. 2d at 723.

**VIII.     The Settlement is Fair and Reasonable.**

This Court considers the factors set forth in *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), as modified to apply to FLSA collective actions, to determine whether a settlement is fair and reasonable.  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008).  Under *Reed,* the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and absent class members."  703 F.2d at 172.

**1.   The existence of fraud or collusion behind the settlement.**

As recognized in *Collins*, "[t]he Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."  568 F. Supp. 2d at 725.  In the instant case, the undersigned Plaintiffs' counsel aggressively pursued Plaintiffs' claims and the parties engaged in substantial discovery, liability analysis, and evaluation of potential damages. The parties produced and reviewed voluminous payroll records, timesheets, contracts, invoices, and related case documents. The parties' counsel engaged in substantial analysis and lengthy discussions over liability and damages, and participated in a 9½ hour mediation with Ms.

Alessandra before reaching the Settlement. For these reasons, the Court should find that the Settlement was the result of arm's length negotiations and that no there is no suggestion of fraud or collusion.

> **2.   The complexity, expense, and likely duration of the litigation and the stage of the proceedings and the amount of discovery completed.**

As set forth above, the parties engaged in substantial discovery prior to agreeing to the Settlement.  Although Plaintiffs' counsel believes that there is a strong case on the merits of the independent contractor misclassification claims, Defendants have vigorously contested liability and damages.  Had the parties not agreed upon the Settlement, the parties would be required to go forward with numerous depositions, many of which would require the presence of an interpreter (inasmuch as English is a second language for many of the parties and likely witnesses).   Thus, the parties have avoided costly and protracted litigation by entering into the Settlement.

Further complicating this matter is the fact that Plaintiffs speak limited English and, understandably, do not have a sophisticated understanding of the FLSA's legal requirements or the issues associated with litigation in federal court.   Moreover, any adverse judgment may be appealed by Defendants.  "[L]engthy litigation, and the delay in potential payments it causes, is especially hard on certain classes" like Plaintiffs in the instant case, who are blue-collar workers in the construction industry and do not have significant financial assets.  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 726 (E.D. La. 2008).  In light of the foregoing, the Court should find that these factors support the conclusion that the settlement is fair and reasonable.

> **3.   The Probability of Plaintiffs' success on the merits.**

Although Plaintiffs' counsel believes that Plaintiffs have a strong case on the merits, Defendants are represented by able and experienced counsel, and there is no guarantee that

Plaintiffs would prevail in this litigation, whether through dispositive motion or at trial. Furthermore, and as noted above, Defendants dispute, *inter alia*, (i) Plaintiffs' status as "employees" versus independent contractors; (ii) Plaintiffs' entitlement to liquidated damages; and (iii) whether any alleged violations were "willful," thus triggering the FLSA's 3-year statute of limitations. Given the substantial recovery that Plaintiffs are to receive under the settlement, this factor also weighs in favor of settlement.

### 4.    The range of possible recovery.

According to Plaintiffs' counsel's calculations, each participating Plaintiff will receive approximately 143% of the back wages owed to them under the FLSA, with ½ of the amount allocated as non-taxable liquidated damages.  This represents a significant recovery for Plaintiffs. Judge Berrigan has rightly observed "the significant damages that can occur as a result in delay of payment to persons working for subsistence wages" and those same concerns are present in the instant case.  *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 727 (E.D. La. 2008) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 709 (1945).   Given the favorable Settlement and the substantial sums being paid to the Plaintiffs, the amounts paid to each Plaintiff are within a range of reasonable recovery.  Furthermore, the parties negotiated the attorney's fees and costs to be paid separately from the Plaintiffs' damages so each Plaintiff will receive the full amount of the Settlement Sum allocated to them.

### 5.    The opinions of counsel, Plaintiffs, and absent class members.

Plaintiffs' counsel believes that the settlement is a fair result for all Plaintiffs, with each receiving payments for unpaid wages and liquidated damages in amounts commensurate with their length of employment and the estimated number of hours worked.  As to the opinions of absent class members, those concerns are not present here because no individual is bound by the

settlement except the participating Plaintiffs indicated above. *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) ("Because no real 'absent' class members exist whose rights will be determined in this settlement who have not consented to participate, the Court need not consider such interests as it would in a settlement of a class action under Rule 23."); *see also Perez v. Avatar Holdings, Inc.,* 2008 U.S. Dist. LEXIS 125107, *6 (M.D. Fla. July 24, 2008) ("As the parties have settled, Plaintiff's claim and the opted in plaintiffs' claims against Defendant are moot, and the case must be dismissed after court approval of the settlement for fairness."). Finally, any person wishing to file suit against Defendants for violations of the FLSA retains the right to do so and the settlement is now a matter of public record. *Nichols v. Dollar Tree Stores, Inc.,* 2013 U.S. Dist. LEXIS 156754, *4 (M.D. Ga. Nov. 1, 2013) (noting that the requirement of filing FLSA settlement in the public record furthers "Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.").

**IV.     The agreed-upon attorney's fees and costs are reasonable.**

The FLSA provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Altier v. Worley Catastrophe Response, LLC*, 2012 U.S. Dist. LEXIS 6391, *59 (E.D. La. Jan. 18, 2012) (quoting 29 U.S.C. § 216(b)). In the instant case, Plaintiff counsel seeks attorney's fees and costs in the amount of $94,785.44, which is a substantially reduced amount. As of the date of the mediation, legal fees and costs incurred were **$119,993.39**. Moreover, three of Plaintiffs' attorneys attended the 9 ½ hour mediation and are not charging for that time. Further, Plaintiffs' counsel estimate that they will spend 15-20 hours of time preparing this Motion, Proposed Order and Judgment, and other settlement documents. Thus, Plaintiffs'

counsel have taken a substantial discount on their legal fees (an approximately $35,000-$40,000 discount) to effectuate a settlement in the instant case.

V.     **CONCLUSION.**

    Based on the foregoing, the Parties respectfully request that the Court grant this Joint/Unopposed Motion for Settlement Approval, and enter the proposed Order and Judgment approving the Settlement.


Dated:  July 25, 2018                          Respectfully Submitted:

                                               **WILLIAMS LITIGATION, L.L.C.**

                                               By:  s/Christopher L. Williams
                                               CHRISTOPHER L. WILLIAMS
                                               La. Bar Roll No. 32269
                                               639 Loyola Ave., Suite 1850
                                               New Orleans, LA 70113
                                               Telephone: 504.308.1438
                                               Fax: 504.308.1446
                                               chris@williamslitigation.com

                                               /s/ Stephen Haedicke
                                               STEPHEN J. HAEDICKE (#30537)
                                               1040 St. Ferdinand Street
                                               New Orleans, LA 70117
                                               Fax: 504-291-6998
                                               Stephen@haedickelaw.com

                                               S/Cristian P. Silva
                                               Cristian P. Silva (LA. Bar 32052)
                                               CRISTIAN P. SILVA LAW OFFICE, LLC
                                               1818 Manhattan Blvd., Ste. 2
                                               Harvey, Louisiana 70058
                                               Tel: 504-301-2549
                                               Fax: 504-301-3381
                                               E-mail: cristian@silvalawfirm.net

                                               ***Attorneys for Plaintiffs***

**BREAZEALE, SACHSE & WILSON, L.L.P.**
EVE B. MASINTER (LSBA NO. 1218)
SUNNY MAYHALL WEST (LSBA NO. 33968)
909 Poydras Street, Suite 1500
New Orleans, LA 70112-4004
Telephone: (504) 619-1800
Fax: (504) 584-5452
Email: Eve.Masinter@bswllp.com
Email: Sunny.West@bswllp.com
Attorneys for Tasch, LLC and Jack R. Allen, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

/s/ Stephen Haedicke