IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTONIO SANTO LEMOS and CARLOS DUENAS, GERSON IVAN FLORES, GERARDO DERAS, OSMAN NUNEZ, and AMILCAR GUERRERO, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>TASCH, L.L.C. and JACK R. ALLEN, JR.<br>Defendants. | Civil Action No. 17-7212 S (4)<br><br>Jury Trial Demanded |

## ORDER AND JUDGMENT

Before the Court is the Joint/Unopposed Motion for Settlement Approval filed by Plaintiffs, Antonio Santos-Lemus, Carlos Duenas, Gerson Ivan Flores, Gerardo Deras, Osman Nunez, and Amilcar Guerrero, on behalf of themselves and all others similarly situated (sometimes collectively referred to as "Plaintiffs") and Defendants Tasch, LLC and Jack R. Allen, Jr. (collectively "Defendants").

## APPROVED SETTLEMENT TERMS

Having found that the Parties have resolved a contested action under the Fair Labor Standards Act ("FLSA") on terms which are fair and reasonable, the Court approves the following settlement terms (the "Settlement"):

A. <u>Payments to Plaintiffs</u>

Defendants will pay the Settlement Sum to Plaintiffs and opt-in Plaintiffs in the amount of $155,214.56. Defendants will pay an amount to each individual Plaintiff as set forth in Exhibit "A" to the Memorandum in Support of the Joint/Unopposed Motion for Settlement Approval.

1

B. <u>Plaintiffs' Attorney's Fees and Costs.</u>

Defendants will pay attorneys' fees and costs in the amount of $94,785.44 to Plaintiffs' Counsel. Counsel for Plaintiffs acknowledge that no other attorneys' fees, costs, or expenses are due to them from Defendants beyond the $94,785.44 unless Defendants breach the Settlement, and Plaintiffs are determined by the Court to be the prevailing party of such dispute.

C. <u>Signed Settlement Agreement and Release</u>

The six named Plaintiffs shall sign the Settlement Agreement and Release in the form attached as Exhibit "B" to the Memorandum in Support of the Joint/Unopposed Motion for Settlement Approval before any payments are due to Plaintiffs or Plaintiffs' counsel.

D. <u>Other Terms</u>

The payment to Plaintiffs will be made in two equal installments. The first payment of one half (½) of the total amount owed to each Plaintiff as set forth on Exhibit "A" will be made on the later of 90 days from June 28, 2018 or 45 days after Court approval of the Joint/Unopposed Motion for Settlement Approval, but in no event shall the first payment be made any later than October 1, 2018, unless the Court has not approved the Joint/Unopposed Motion for Settlement Approval by October 1, 2018. The second payment of the remaining one half (½) of the total amount owed to each Plaintiff as set forth on Exhibit "A" will be made no later than 30 days after the first payment. One half (½) of the settlement amount to each Plaintiff shall be designated as liquidated damages and the other one half (1/2) of the settlement amount to each Plaintiff shall be designated as 1099 income. In addition, Defendants shall pay the $94,785.44 in attorney's fees and costs in three installments as follows: One third (1/3) on the date of the first payment to Plaintiffs; one third (1/3) thirty days after the first payment of attorneys' fees and expenses; and one third (1/3) thirty days after the second payment of attorneys' fees and expenses.

2

Each Plaintiff and Plaintiffs' counsel shall provide any W-9 forms that Defendants need prior to the date Defendants are required to make the first payment to that Plaintiff in accordance with Exhibit "A" to the Memorandum in Support of the Joint/Unopposed Motion for Settlement Approval.  Defendants will let Plaintiffs' counsel know for which Plaintiffs they need W-9 forms. Further, the six named Plaintiffs' shall execute the Settlement Agreement and Release in the form attached as Exhibit "B" to the Memorandum in Support of the Joint/Unopposed Motion for Settlement Approval prior to the date Defendants are required to make the first payment in accordance with Exhibit "A" to the Memorandum in Support of the Joint/Unopposed Motion for Settlement Approval.  If any particular Plaintiff does not confirm the information contained in a previously provided W-9 or provide a W-9 form as requested, it will not affect the payment schedule for any other Plaintiff or for attorneys' fees as provided herein.  Delay of payment by Defendants to any Plaintiff solely because of that Plaintiff's failure to confirm the information contained in a previously provided W-9 or to provide a new W-9, if necessary, shall not constitute a breach of the Settlement or the Settlement Agreement and Release and shall not constitute grounds to accelerate payment to that Plaintiff or any other Plaintiff. Plaintiffs' counsel will work in good faith with Defendants' counsel to obtain any requested W-9 forms from Plaintiffs.

Defendants will send the checks for each Plaintiff to Plaintiffs' counsel, and each check will be made out directly to the individual Plaintiff.  Defendants have expressly confirmed that Defendants have produced all documents in discovery regarding payment of compensation and hours worked from all entities owned or operated by Jack Allen for which named and opt in Plaintiffs performed work during the FLSA Collective Period.  In reliance on Defendants' representations, Plaintiffs have agreed that the Judgment dismissing claims with prejudice will

3

cover Tasch, LLC, Jack R. Allen, Jr., and the following Tasch-related entities: Tasch Air Services, LLC; Tasch Electric, LLC; and B&M Metal Doors & Frames, LLC; (the "affiliates") for which Plaintiffs have performed work during the FLSA Collective Period.

In exchange for Defendants making these payments, Plaintiffs, release and discharge Defendants and their affiliates from any claims arising out of or under (1) the FLSA, 29 U.S.C. § 201, *et seq.*, (2) the Louisiana Wage Payment Act, and (3) other claims or similar causes of action solely relating to the non-payment of wages, overtime compensation, minimum wage compensation, and meal and rest periods, and penalties, liquidated damages, attorneys' fees, costs, and expenses up to the time of the signed Order and Judgment.

The Court acknowledges the Parties' position that the settlement is a compromise of disputed claims and is not to be deemed as an admission of fault or liability by Defendants. Subject to the issues noted above with respect to Defendants' representation that all documents regarding payment of compensation and hours worked from all entities owned or operated by Jack Allen for which named and opt in Plaintiffs performed work during the FLSA Collective Period and Plaintiffs' reliance on this representation, the Settlement is intended to be a total resolution and complete satisfaction of any and all claims and allegations by the Plaintiffs against Defendants and their related entities or affiliates, as set forth above.

The Parties have consented to dismissal of this lawsuit with prejudice after approval of the Settlement and all settlement payments have been made to Plaintiffs and Plaintiffs' Counsel. Once all payments are made, Plaintiffs shall file an Unopposed Motion for Dismissal with Prejudice requesting the Court enter a final order of dismissal with prejudice.

Counsel for Plaintiffs agree not to post on social media information regarding the fact or amount of the Settlement set forth herein or as set forth in the Settlement Agreement and Release.

The Court shall retain jurisdiction over this case to enforce the terms of the Settlement. In the event of a breach of the Settlement, the prevailing party, as determined by the Court, will be entitled to recover its reasonable attorney's fees and costs associated with enforcing the terms of the Settlement.

## CONCLUSION

For the foregoing reasons, the Court finds the Parties' Settlement is both premised on a bona fide dispute and fair and reasonable.

IT IS ORDERED, ADJUDGED AND DECREED that the Joint/Unopposed Motion for Settlement Approval, including the Memorandum in Support, with Exhibits is GRANTED and the Parties' Settlement is APPROVED;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the six named Plaintiffs in the captioned matter shall execute the Settlement Agreement and Release in the form attached as Exhibit "B" to the Memorandum in Support of Joint/Unopposed Motion for Settlement Approval before any payments to Plaintiffs or Plaintiffs' counsel are due;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants shall make the payments to Plaintiffs as set forth in Exhibit "A" to the Memorandum in Support of Joint/Unopposed Motion for Settlement Approval and to Plaintiffs' counsel pursuant to the timing of payments agreed upon and approved as set forth above and subject to the conditions set forth above.

New Orleans, Louisiana, this \_\_26th\_\_ day of \_\_\_July\_\_\_, 2018.

_____
The Honorable Mary Ann Vial Lemmon